UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RICHARD PHILIP BUNGER,

                    Plaintiff,

      -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                 Defendant.

--------------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-2623 (FB)

*Appearances:*
*For the Plaintiff:*
CHARLES E. BINDER, ESQ.
Law Offices of Harry J. Binder and
Charles E. Binder, P.C.
60 East 42nd Street, Suite 520
New York, NY 10165

*For the Defendant:*
LORETTA E. LYNCH, ESQ.
United States Attorney
ARTHUR SWERDLOFF, ESQ.
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

        Plaintiff Richard Philip Bunger seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits under the Social Security Act (the "Act").  The parties agree that the Commissioner's determination was made under an improper legal standard, but disagree as to the appropriate remedy.  Plaintiff moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and remand solely for calculation of benefits.  The Commissioner cross-moves for remand for further administrative proceedings pursuant to 42 U.S.C. § 405(g).

## I.

Bunger worked as a New York City firefighter from August 1991 to July 2008.  He filed a claim for Social Security Disability Insurance Benefits on September 29, 2008, claiming a disabling condition that began on July 30, 2008.  Following a hearing on December 10, 2009, an Administrative Law Judge ("ALJ") concluded on January 6, 2010, that Bunger was not disabled.  Applying the five-step disability analysis,[1] the ALJ found that (1) Bunger had "not engaged in substantial gainful activity" since applying for benefits, AR at 20; (2) he suffered from lumbar degenerative disc disease status post laminectomy, which constituted a "severe impairment"; (3) he did "not have an impairment or combination of impairments that meets or medically equals one of the listed impairments," AR at 20; (4) he "was unable to perform any past relevant work," AR at 24; and (5) there are "jobs that exist in significant numbers in the national economy" that he can perform, AR at 24.  The last two steps were based on the ALJ's determination that Bunger had "the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b)."  AR at 21.  The Appeals Counsel denied Bunger's request for review on April 13, 2011, and he commenced this action on June 1 of that year.

---

[1]Under the Act's regulations, disability claims are evaluated in five steps.  In the first four steps, claimant has the burden of showing: (1) that she is not engaged in "substantial gainful activity"; (2) that she has a "severe impairment"; (3) that her impairment is on the list of impairments, in which case she is deemed disabled; and (4) that she cannot perform her previous work.  *See* 20 C.F.R. § 404.1520(b)-(f); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003).  At the fifth step, the burden shifts to the Commissioner to show that claimant is capable of performing other jobs existing in significant numbers in the national economy.  *See* 20 C.F.R. §§ 404.1520(g), 404.1560(c); *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).

## II.

As both parties acknowledge, the ALJ failed to properly weigh the medical evidence in determining Bunger's residual functional capacity.  Without sufficient analysis or explanation, the ALJ gave only "some weight" to the findings of the treating physician on the grounds that his opinions were "conclusory and not supported by the treatment record or the evidence as a whole."  AR at 23; *see 20* CFR § 404.1527(c)(2).  The ALJ also incorrectly accorded "considerable weight" to an overly vague statement in an examining physician's opinion.  *See Burgess v. Astrue*, 537 F.3d 117, 128-129 (2d Cir. 2008).  Moreover, despite overwhelming evidence of Bunger's nonexertional limitations, the ALJ failed to consider them.

Bunger contends that the case should be remanded solely for a determination of benefits because he has conclusively established disability through step four and the Commissioner failed to meet his burden at step five.  In response, the Commissioner argues that the matter should be remanded for further administrative proceedings because the record does not compel a finding that Bunger is disabled.

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Remand solely for calculation of benefits is appropriate where "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose."  *Pratts v. Harris, 626 F.2d 225, 235* (2d Cir.1980); *see also Rosa v. Callahan*, 168 F.3d 71, 83 (2d Cir. 1999); *Balsamo v. Chater*, 142 F.3d 75, 82 (2d Cir. 1998).  In contrast, "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard,"

3

remand for further proceedings is the proper course.  *Rosa*, 169 F.3d at 82-83.  In this vein, remand for further proceedings is appropriate if the evidence is sufficient to support a finding that the claimant can perform sedentary or light work, but the ALJ has failed, at step five, to develop the record by calling a vocational expert to determine whether nonexertional limitations prevent the claimant from performing other work.  *See Butts v. Barnhart*, 388 F.3d 377, 386-387 (2d Cir. 2004), *amended on reh'g*, 416 F.3d 101 (2d Cir. 2005).

As the Court cannot say that "application of the correct legal standard could lead to only one conclusion," further proceedings are appropriate in this case.  *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).  There is conflicting evidence regarding the scope of Bunger's residual functional capacity and whether he is capable of at least sedentary work.  Bunger's treating physician, Frank P. Cammisa, M.D., found that he was able to sit for approximately three hours in an eight-hour day and stand and walk for less than an hour; that he had to get up and move around every 45 minutes; and that his pain was severe enough to frequently interfere with his attention and concentration.  Similarly, Donald I. Goldman, M.D., examined Bunger in April 2010 and found that, in an eight hour workday, Bunger could sit for only three to four hours and stand or walk for one or two hours.  A different examining physician, however, found that "[f]rom the musculosketetal point of view," Bunger's ability to sit was "unrestricted."  AR at 414.  While the treating physician's opinion is entitled to deference if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence," 20 CFR § 404.1527(c)(2), "[i]t is for the SSA, and not this court, to weigh the conflicting evidence in the record."  *Schaal*, 134 F.3d at 504; *see also* 20 C.F.R. § 404.1527(e)(2).

Moreover, even assuming that Bunger's ability to work is significantly more limited than the ALJ found, there may still be jobs in the national economy he is capable of performing.  Proceedings on remand will give the ALJ an opportunity to develop the record on this point.  Given the ample evidence of Bunger's nonexertional limitations, this determination will likely require the testimony of a vocational expert.  *See Butts* 388 F.3d at 383; *Rosa*, 168 F.3d at 78.

Because the error occurred at step five of the process – neither party challenges the soundness of the ALJ's opinion through step four – the Court may impose a time limit on the remand proceedings in order to avoid hardship to the claimant arising from additional delay.  *See Butts*, 388 F.3d at 387.  Bunger applied for benefits in September 2008, approximately three and one-half years ago.  Rather than subjecting him to a remand of indefinite duration, the Court directs the Commissioner to complete further administrative proceedings within 60 days and, if the ALJ again denies the claim, the Commissioner shall issue a final decision within 60 days of any appeal from that denial.  If these deadlines are not met and the delay is not attributable to Bunger, he is deemed disabled and entitled to calculation of benefits.  *Id.*

For the foregoing reasons, the decision of the ALJ should be reversed and remanded for further administrative proceedings.

**SO ORDERED.**                                          s/FB

_____

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 26, 2012

5