```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
RICHARD PHILIP BUNGER,
                                                    MEMORANDUM AND ORDER
                    Plaintiff,                     11-CV-2623 (FB)

        -against-

MICHAEL J. ASTRUE,
 Commissioner of Social Security,

                    Defendant.
---------------------------------------------------------------x
```

*Appearances:*
For the Plaintiff:                          For the Defendant:
CHARLES E. BINDER, ESQ.                     LORETTA E. LYNCH, ESQ.
Law Offices of Harry J. Binder and          United States Attorney
Charles E. Binder, P.C.                     ARTHUR SWERDLOFF, ESQ.
60 East 42nd Street, Suite 520              Assistant United States Attorney
New York, NY 10165                          Eastern District of New York
                                            271 Cadman Plaza East
                                            Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

On April 27, 2012, the Court issued a Memorandum & Order ("M & O") remanding Richard Philip Bunger's disability claim for further administrative proceedings.[1] The M & O directed the Commissioner of Social Security (the "Commissioner") to complete the proceedings and issue a decision within 60 days, and the Court subsequently extended this deadline to 120 days. The M & O further stated that the Court would deem Bunger disabled and entitled to calculation of benefits if the deadline was not met and the delay was not attributable to Bunger. *See Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004) ("The district court's order should provide that, if these deadlines are not observed, a calculation of benefits

---

[1] The Court assumes familiarity with the facts of this case.

owed Butts must be made immediately."), *amended on reh'g*, 416 F.3d 101 (2d Cir. 2005)).

More than 160 days have passed since the Court's initial order. The Commissioner now moves by letter for another extension of time to enable the ALJ to obtain testimony from two medical experts. Plaintiff Bunger in turn moves by letter for an order directing the Commissioner to pay benefits. For the reasons set forth below, the Court orders the Commissioner to calculate and pay benefits to Bunger.

The Commissioner did not complete the proceedings or issue a decision by the August 27, 2012 deadline. On September 6, 2012, the Commissioner requested an extension *nunc pro tunc* but was unable to estimate how much additional time would be necessary.[2] The Commissioner explained that the unavailability of the medical expert, Dr. Arthur Brovender, caused the hearing to be rescheduled from August 1 to September 19. The ALJ has subsequently adjourned that hearing until November in order to obtain expert testimony from Dr. Donald Goldman. Bunger contends that the Commissioner has not established good cause for noncompliance with the deadline and thus seeks immediate payment of benefits.

The Court concludes that the Commissioner has failed to establish good cause for failing to comply with the deadline. The Commissioner has only identified scheduling difficulties for two medical experts as the reasons for the delays, without explaining why the time allotted was insufficient or why these particular experts are needed. The Commissioner has not alleged that Bunger is in any way responsible for the delay.

The pursuit of additional evidence does not relieve the Commissioner of its

---

[2]The Commissioner stated that a status report would be provided in 30 days, but none has been furnished.

obligation to comply with the time limits. More than four years have passed since Bunger applied for disability benefits. In consideration of Bunger's ongoing hardship and the Commissioner's lack of good cause for the repeated delays, the Court now deems Bunger disabled and remands this case to the Commissioner solely for calculation of benefits.

**SO ORDERED.**  /s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 10, 2012